```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE LOCAL 7 TILE INDUSTRY
WELFARE FUND, THE LOCAL 7 TILE INDUSTRY
ANNUITY FUND, and THE TILE LAYERS LOCAL
UNION 52 PENSION FUND, TRUSTEES OF THE
BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND, TRUSTEES
OF THE INTERNATIONAL MASONRY INSTITUTE,       MEMORANDUM & ORDER
and TRUSTEES OF THE MARBLE INDUSTRY           15-CV-3898 (JS)(AKT)
PENSION FUND, THE MARBLE INDUSTRY
ANNUITY FUND, AND THE MARBLE INDUSTRY
TRUST FUND

                        Plaintiff,

        -against-

RICHARD'S IMPROVEMENT BUILDING INC.,
and RICHARD'S FLOORING OF NY INC.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Michael Bauman, Esq.
                        Nicole Marimon, Esq.
                        Jonathan Roffe, Esq.
                        Todd Dickerson, Esq.
                        Virginia & Ambinder, LLP
                        40 Broad Street, 7th Floor
                        New York, NY 10004

For Defendants:         No appearance
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that this Court grant Plaintiffs' motion for default judgment. (Docket Entry 19.) For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

Plaintiffs are employer and employee trustees of multiemployer labor-management trust funds organized pursuant to collective bargaining agreements between unions and employers (the "CBAs"). (Am. Compl., Docket Entry 11, ¶¶ 4-5, 10.) On July 2, 2015, Plaintiffs commenced this action against defendants Richard's Improvement Building Inc. ("Richard's Improvement") and Richard's Flooring of NY Inc. ("Richard's Flooring" and, collectively, "Defendants").

On August 18, 2015, Plaintiffs filed an Amended Complaint seeking a judicial determination that: (1) Defendants are alter egos or successors that have been bound by a collective bargaining agreement between Richard's Improvement and the Bricklayers and Allied Craftworkers Local Union No. 7 (the "Union"), and (2) Defendants are jointly and severally liable for their respective judgments. (Am. Compl. ¶¶ 9, 46.) Plaintiffs also seek to hold Richard's Flooring liable for a judgment of $560,845.77 previously entered against Richard's Improvement on August 1, 2013 (the "Richard's Improvement Judgment") along with post-judgment interest. (Am. Compl. ¶¶ 20, 52-53.)

On October 21, 2015, Plaintiffs moved for the entry of a default judgment. (Pl.s' Mot., Docket Entry 19.) Plaintiffs also requested attorneys' fees totaling $5,536.00 and costs totaling $755.03. (Marimon Decl., Docket Entry 21, ¶¶ 26-27.)

On January 16, 2016, the undersigned referred Plaintiffs' motion to Judge Tomlinson for an R&R on whether the motion should be granted and, if necessary, a determination of the appropriate amount of damages, costs, and/or fees to be awarded. (Docket Entry 26.)

On August 1, 2016, Judge Tomlinson issued her R&R recommending that Plaintiffs' motion be granted and judgment be entered against Defendants: (1) "declaring that Defendants are alter egos and/or constitute a single employer, that Defendants have at all times been bound by the CBAs, and that Defendants are jointly and severally liable for each other's judgments," and (2) holding Richard's Flooring liable for the Richard's Improvement Judgment. (R&R at 35.) The R&R also recommends that Plaintiff be awarded: (1) post-judgment interest on the Richard's Improvement Judgment calculated from August 1, 2013, to the date of payment at the rate set forth in 28 U.S.C. § 1961, (2) attorneys' fees totaling $3,730.00, and (3) costs totaling $462.40. (R&R at 35.) The R&R further recommends that Plaintiffs be permitted to provide supporting documentation for their requested process server and UPS costs within ten (10) days of the date of this Memorandum and Order. (R&R at 35.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Tomlinson's R&R (Docket Entry 27) is ADOPTED in its entirety. Plaintiffs' motion for default (Docket Entry 19) is GRANTED. Plaintiffs are awarded a judgment against Defendants: (1) "declaring that Defendants are alter egos and/or constitute a single employer, that Defendants have at all times been bound by the CBAs, and that Defendants are jointly and severally liable for each other's judgments," and (2) "holding Defendant Richard's Flooring liable for the August 1, 2013 Judgment of $560,845.77

4

previously entered against Richard's Improvement."  (See R&R at 35.)  Plaintiffs are also awarded: (1) post-judgment interest on the August 1, 2013 Judgment against Richard's Improvement at the rate set forth in 28 U.S.C. § 1961, calculated from August 1, 2013, to the date of payment, (2) attorneys' fees in the sum of $3,730.00, and (3) costs in the sum of $462.40.

Plaintiffs shall be permitted to provide the Court with supporting documentation for their requested process server and UPS costs within ten (10) days of the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  12 , 2016
         Central Islip, New York

5